UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>MuniVest Services, LLC, et al.[1]<br><br>Debtors. | Case No. 10-71403-pjs<br>Chapter 7<br>(Jointly Administered)<br><br>Hon. Phillip J. Shefferly |
| Gene R. Kohut, Chapter 7 Trustee for<br>MuniVest Services, LLC, et al.,<br><br>Plaintiff,<br><br>v.<br><br>International Union, United Automobile,<br>Aerospace and Agricultural Implement<br>Workers of America Local 372,<br><br>Defendant. | Adv. P. No. 12-05897-pjs |

**TRUSTEE GENE R. KOHUT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
<u>AGRICULTURAL IMPLEMENT WORKERS OF AMERICAN LOCAL 372</u>**

Gene R. Kohut, duly appointed Chapter 7 trustee ("Trustee") of the above-captioned debtors, MuniVest Services, LLC, a/k/a MuniVest, Group, a/k/a MuniVest Financial Group, a/k/a MuniVest Financial Group of Illinois, LLC, a/k/a MuniVest Financial Group LLC, a/k/a MuniVest Capital International, LLC, MuniVest Financial Group LLC (collectively, "MuniVest"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rules 7033 and 7034 of the Federal Rules of Bankruptcy Procedure,

---

[1] The Debtors are: MuniVest Services, LLC, a/k/a MuniVest, Group, a/k/a MuniVest Financial Group, a/k/a MuniVest Financial Group of Illinois, LLC, a/k/a MuniVest Financial Group LLC, a/k/a MuniVest Capital International, LLC, address: 29355 Northwestern Highway, Suite 110, Southfield, MI 48034, and Dante DeMiro, a/k/a Dante Thomas Garcia DeMiro, a/k/a Dante T. DeMiro, a/k/a Dante Thomas-Garcia DeMiro, a/k/a Daunte DeMiro.

{00009466.DOC }
12-05897-pjs    Doc 21    Filed 03/07/13    Entered 03/07/13 15:17:38    Page 1 of 11

issues the following Interrogatories ("Interrogatories") and Requests for Production of Documents ("Document Requests," collectively with the Interrogatories, the "Discovery Requests") to the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local 372 ("Local 372" or "Defendant").

## DEFINITIONS

1. The term "Federal Rules" shall mean the Federal Rules of Civil Procedure.

2. The term "you" or "your" shall mean the party to whom this discovery is directed, his, her or its agents, representatives, officers, directors, employees, attorneys, experts, investigators, insurers, or anyone acting on behalf of the foregoing.

3. The term "Complaint" shall mean the complaint filed by the Trustee initiating this adversary proceeding, as may be subsequently amended.

4. The term "MuniVest" shall mean, individually and collectively, MuniVest Services, LLC and MuniVest Financial Group LLC, and includes their present and past employees, agents, attorneys, consultants, representatives, trustees, affiliates, assigns, predecessors, and successors.

5. The term "DeMiro" shall mean Dante DeMiro and includes his present and past employees, agents, attorneys, consultants, representatives, trustees, and assigns.

6. The term "Brookstone" shall mean Brookstone Securities, Inc. and includes its present and past employees, agents, attorneys, consultants, representatives, trustees, affiliates, assigns, predecessors, and successors.

7. The term "FSW" shall mean First Southwest Company and includes its present and past employees, agents, attorneys, consultants, representatives, trustees, affiliates, assigns, predecessors, and successors.

8. The term "person" shall mean individual persons, firms, associations, partnerships, corporations or other entities.

{00009466.DOC }  2
12-05897-pjs    Doc 21    Filed 03/07/13    Entered 03/07/13 15:17:38    Page 2 of 11

9. The term "document" shall mean anything discoverable under Rule 34 of the Federal Rules. Further, the term "document" shall be used in the broad and liberal sense and means written, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description and whether an original, master, duplicate or copy, including papers, notes of conversations, contracts, agreements, purchase orders, invoices, payment vouchers, credit memos, credit policies, payment receipts, bills of lading, delivery receipts, service tickets, field service reports, drawings, telegrams, tape recordings, communications (including inter-office and intra-office memoranda), analytical reports, studies, UCC searches, security agreements, working papers, corporate records, minutes of meetings, notebooks, wire transfers, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations, negotiations, meetings, conferences, or things similar to any of the foregoing, and data, information or statistics contained within any data storage module, tape, disc or other memory device, or other information retrievable from storage systems including computer generated reports and print-outs and electronic communication, including e-mail and facsimile transmissions. The term "document" shall also include data compilations from which information can be obtained and translated, if necessary, through detection devices in a reasonably usable form. The term "document" shall also mean any English translation of a document in another language. If any "document" has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate "document."

10. The term "communication" shall mean any correspondence, contact, discussion, or exchange between any two or more persons, whether written or oral. Without limiting the foregoing, the term "communication" includes all documents, telephone conversations, face-to-face conversations, meetings or conferences, and any other means of transmitting a message.

{00009466.DOC }  3
12-05897-pjs    Doc 21    Filed 03/07/13    Entered 03/07/13 15:17:38    Page 3 of 11

11. The term "copy" shall mean a photocopy, or any other form of true and accurate duplication of a document.

12. The term "describe" or "description" shall mean state every material fact and circumstance specifically and completely.

13. The term "identify" or "identification," when used in reference to a person shall mean: state his, her or its legal full name and present or last known position or business affiliation; his, her or its present home and business addresses or principal place of business; and his, her or its present business and home telephone numbers. If current information is not known, so state and provide his, her or its last known addresses and the last known date he, she or it resided or was located at those addresses, and the last known telephone number. The term "identify" or "identification," when used in reference to a document, shall mean state the type of document, e.g., letter, memoranda, telegram, chart, etc., and a means of identifying it, its present location and custodian. A copy of such document may be attached in response to the Interrogatory rather than identifying the document. If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it. The term "identify" or "identification," when used in reference to a communication, shall mean state the parties to such communication, the medium of such communication, i.e., telephonic, letter, etc., the date of such communication, and the subject matter and substance of such communication.

14. The terms "relating to" and "relate to" shall mean constituting, defining, containing, embodying, reflecting, identifying, stating, concerning, referring to, dealing with, or in any way pertaining to.

15. The term "state the basis of" shall mean to describe in full the factual and legal basis, including the identity of all documents relied on and the persons with knowledge of the factual and legal basis.

16. The term "including" shall mean including without limitation.

17. The term "any" shall mean "each and every" as well as "any one."

18. The singular includes the plural and the plural includes the singular; the conjunctive includes the disjunctive and the disjunctive includes the conjunctive; the masculine includes the feminine and the feminine includes the masculine; and the present tense includes the past tense and the past tense includes the present tense so as to bring within the scope of these Discovery Requests all responses that might otherwise be construed to be outside of their scope.

19. As used herein, the connectives "and" and "or" as used in the term "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests all responses that might otherwise be construed to be outside of their scope.

## INSTRUCTIONS

1. These Discovery Requests cover all information known or available to you. The Document Requests cover all documents in your possession, custody or control, including, without limitation, documents in storage and documents held by agents, attorneys or other persons on your behalf and subject to your control. Should you be unable to respond to any Discovery Request either by actual knowledge or upon information and belief, identify each person whom you know to have information regarding the subject of the Discovery Request.

2. Whenever a document has not been produced in full, identify with particularity the reason or reasons it has not been produced in full and describe to the best of your knowledge, information and belief and with as much particularity as possible, those portions of the document that have not been produced.

3. If a document called for by a request is known to have existed but cannot be located now, identify the document and state: (a) whether the missing document has been in your possession, custody or control, (b) where the missing document was last known to be and the date when the document was last known to be in such location, and (c) in whose

possession, custody or control the document may be found or (d) where applicable, whether the document has been destroyed.

4.  If you consider any document called for in the Document Requests to be privileged or otherwise not subject to production, then include in your response to the Document Requests a list of documents withheld from production, identifying each document by date, addressee(s), author, title, and subject matter. In addition, identify those persons who have seen the document or who were sent copies. Finally, state the ground(s) upon which each such document is considered privileged.

5.  If you contend that the answer to any Interrogatory is privileged or otherwise not discoverable in whole or in part, or if you otherwise object to any part of any Interrogatory, state the reasons and factual basis for each objection or ground for exclusion and identify each person having knowledge of the factual basis on which the privilege or any other ground for exclusion is asserted.

6.  These Discovery Requests shall be deemed continuing so as to require supplemental responses and/or production if you or your attorneys obtain further information between the time responses and/or production is made and the time of trial.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each person who has knowledge regarding any of the allegations in the Complaint and/or any of your affirmative defenses and state the subject matter(s) of the knowledge of each person.

### RESPONSE:

## INTERROGATORY NO. 2

State the basis of each of your affirmative defenses to the Complaint.

**RESPONSE:**



## INTERROGATORY NO. 3

Describe all actions Local 372 took to investigate the veracity of any fact DeMiro or MuniVest represented to Local 372 verbally or in writing.

**RESPONSE:**



## INTERROGATORY NO. 4

Describe the purported terms of each investment MuniVest or DeMiro offered to Local 372, including the type of investment and, to the extent applicable, the maturity date, the duration or term, if a certificate of deposit – whether the certificate of deposit was brokered or negotiable, the interest rate and/or yield promised to Local 372, Moody rating, CUSIP identification number, the bank or other institution or person purportedly issuing the investment, and the date of issuance for any bond or certificate of deposit.

**RESPONSE:**



## INTERROGATORY NO. 5

Describe all information MuniVest or DeMiro provided to Local 372 that purported to show MuniVest or DeMiro invested funds received from Local 372 and identify each related document.

**RESPONSE:**

## **DOCUMENT REQUESTS**

Except for documents Local 372 previously produced to the Trustee's counsel under subpoena, please produce the following documents that are in your possession, custody, or control or which you have a legal right to obtain and deliver to the Trustee's counsel's offices at 3150 Livernois, Suite 275, Troy, Michigan 48306:

1. All documents which relate to the Trustee's claims in this action, including all documents that support, relate to or rebut such claims or any of Local 372's defenses.

2. All documents which relate to any of Local 372's affirmative defenses in this action, including all documents that support, relate to or rebut such affirmative defenses.

3. All documents which relate to MuniVest or DeMiro.

4. All documents which relate to any communication among or between MuniVest, DeMiro, and/or Local 372 relating to MuniVest, including but not limited to past and/or current officers, staff, and/or members of Local 372.

5. All documents which relate to Local 372's policies for the investment of any of its funds from 2004 through the present.

6. All documents which relate to any certificates of deposit or bonds which Local 372 purchased or believed it had purchased from 2004 through the present.

7. All documents which relate to the training or education that any of Local 372's officers, members, employees, or representatives received related to the investment of any of its funds from 2004 through the present.

8. All documents which relate to any research or due diligence Local 372 conducted with respect to any investment of any of its funds from 2004 through the present.

9. All documents which Local 372 provided to any experts who may testify for Local 372 at any hearing or trial in this action.

10. All documents which Local 372 may use at any hearing or trial in this action.

11. All documents which relate to Brookstone from 2004 through the present.

12. All documents which relate to FSW from 2004 through the present.

                                                  Respectfully submitted,

                                                  WOLFSON BOLTON PLLC

Dated: March 6, 2013                  By /s/ Adam L. Kochenderfer
                                                  Scott A. Wolfson (P53194)
                                                  Adam L. Kochenderfer (P65757)
                                                3150 Livernois, Suite 275
                                                Troy, MI 48083
                                                (248) 247-7102
                                                akochenderfer@wolfsonbolton.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>MuniVest Services, LLC, et al.[1]<br><br>Debtors. | Case No. 10-71403-pjs<br>Chapter 7<br>(Jointly Administered)<br><br>Hon. Phillip J. Shefferly |
| Gene R. Kohut, Chapter 7 Trustee for MuniVest Services, LLC, et al.,<br><br>Plaintiff,<br><br>v.<br><br>International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local 372,<br><br>Defendant. | Adv. P. No. 12-05897-pjs |

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2013, I caused the Trustee Gene R. Kohut's First Set of Interrogatories and Requests for Production of Documents to the International Union, United Automobile, Aerospace and Agricultural Implement Workers of American Local 372 to be served upon the following via United States first-class mail, postage prepaid:

James R. Andary, Esq.
Andary Andary Davis & Andary
10 S Main St Ste 405
Mount Clemens, MI 48043

---

[1] The Debtors are: MuniVest Services, LLC, a/k/a MuniVest, Group, a/k/a MuniVest Financial Group, a/k/a MuniVest Financial Group of Illinois, LLC, a/k/a MuniVest Financial Group LLC, a/k/a MuniVest Capital International, LLC, address: 29355 Northwestern Highway, Suite 110, Southfield, MI 48034, MuniVest Financial Group LLC, and Dante DeMiro, a/k/a Dante Thomas Garcia DeMiro, a/k/a Dante T. DeMiro, a/k/a Dante Thomas-Garcia DeMiro, a/k/a Daunte DeMiro. MuniVest Financial Group LLC became a debtor in these proceedings under the Court's Order Granting Chapter 7 Trustee's Motion for Substantive Consolidation of MuniVest Services, LLC and MuniVest Financial Group LLC *Nunc Pro Tunc* to the Petition Date [Docket No. 303].

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: March 6, 2013

By: /s/ Adam L. Kochenderfer
    Scott A. Wolfson (P53194)
    Adam L. Kochenderfer (P65757)
3150 Livernois, Suite 275
Troy, MI 48083
(248) 247-7102
akochenderfer@wolfsonbolton.com